GEORGE WEBSTER, Respondent, v. WM. B. MYERS, Appellant.

Kansas City Court of Appeals, January 16, 1893.

Contract: ALTERING TERMS. A agreed to pay B a certain amount on a certain day when certain money was to be paid B by C. B subsequently extended C's time of payment and failed to make efforts to collect of C. *Held,* B could not thus prejudice A's rights, and, on such conduct of B, A's demand became due and would sustain an action.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*McReynolds & Halliburton*, for appellant.

In *Allen v. Davis*, 11 Mo. 479, it is held that, where a note is made payable so soon as the amount can be made on a suit in which B is plaintiff, and the heirs and legal representatives of C are defendants, the note will not be held due until the money is made. In *Chandler v. Carey*, 8 Am. St. Rep. 814, 64 Mich. 237, it is held that an agreement to pay A or bearer $100 on or before the first day of next October, upon the completion of work to be done by said A upon a dwelling-house to be built by him is not a promissory note, but a simple contract to pay upon condition, and required proof of performance before recovery. The instrument sued on in this case is not a promissory note, but is a conditional contract, and is not payable until the balance of the purchase price of the mining interest, $5,000, is paid. *Allen v. Davis*, 11 Mo. 479; *Chandler v. Carey*, 8 Am. St. Rep. 814; 1 Randolph on Commercial Paper, secs. 95, 111, 112, 115, note 9, p. 151; 3 Randolph on Commercial Paper [Ed. 1888] secs. 1588, 1871; *Blake v. Coleman*, 22 Wis. 396; *Wakeman v. Sherman*, 9 N. Y. 85; *Kelley v. Chamberlain*, 47 Mich. 241; *Lamb v. Story*, 45 Mich. 488; *Smith v. Van Blascum*, 45 Mich. 371; *Mfg. Co. v. Parr*, 30 Am. Rep. 830; *Miller v. Poage*, 56 Iowa, 96; *Smith v. Morland*, 59 Iowa, 645; *Baird v. Underwood*, 74 Ill. 176; *Hacker v. Brown*, 81 Mo. 68.

*J. D. Perkins*, for respondent.

(1)   The instrument sued on in this case is a non-negotiable promissory note, and became due and payable on September 21, 1890, and the first count of plaintiff's petition declares on it as a note. *Brady v. Chandler*, 31 Mo. 28; *Spears v. Bond*, 79 Mo. 468; *Lindell v.*

*Rokes,* 60 Mo. 249; 1 Daniel on Negotiable Instruments, sec. 3, pp. 36, 37; *Stillwell v. Craig,* 58 Mo. 24; *Palmer v. Hummer,* 10 Kan. 464; *Ubsdell v. Cunningham,* 22 Mo. 124. The instrument itself imported a consideration. Revised Statutes, 1889, sec. 2389; *Montgomery Co. v. Auchley,* 92 Mo. 129; *Wulze v. Schaefer,* 37 Mo. App. 551; *Woodson, Ex'r, v. Ritchie,* 36 Mo. App. 506. (2) The second count of the petition declares on the instrument sued on as a written obligation to pay the amount therein stated, and sets up the consideration and circumstances under which it was executed and alleges the solvency of the purchasers of the mining property therein mentioned, and a failure and refusal of defendant to collect the balance of the purchase price thereof, and that a reasonable and sufficient time had elapsed in which he could have collected it. This count of the petition states a good cause of action, and the objection to the introduction of any evidence on the ground, that there was a failure of consideration was properly overruled. *Clark v. Condit,* 11 Mo. 79; *Tureman v. Stephens,* 83 Mo. 218; *Marble Co. v. Mann,* 36 Vt. 697.

ELLISON, J.—This is an action based on the following instrument of writing executed by defendant to plaintiff, viz.:

"CARTHAGE, Mo., July 21, 1890.

"There is due Geo. Webster as commissions on the sale of my interest in the Herin & Myers mine thirteen hundred dollars ($1,300), said amount to be paid on September 21, 1890, when the balance of the purchase money is paid. Amount due $5,000."

Plaintiff had judgment below and defendant brings the case here. The trial was without a jury, the court, of its own motion, giving the following declaration of law: "The court declares the law to be that if

defendant agreed to pay plaintiff $1,300 on the twenty-first day of September, 1890, when $5,000 was collected from Otis & Pierce, balance of purchase price of the one-half interest in the mining lots sold them, then said amount became due and owing to plaintiff by defendant so soon after the twenty-first day of September, 1890, as defendant could collect such balance by the use of reasonable diligence, and, if, thereafter, defendant voluntarily extended the time for the payment of such balance still owing, or any part thereof, by taking notes from Otis & Pierce for $2,500 not to become due until July, 1891, without the consent of plaintiff, and failed and refused to make any effort to collect any balance of said $5,000, then the sum of $1,300, thereupon, became due plaintiff, and plaintiff ought to recover.''

This declaration is a proper statement of the law on the hypothesis as to the facts. It is supported by the case of *Tureman v. Stephens*, 83 Mo. 218, and cases therein cited. If the matters hypothetically put in the instruction are true, then the *Tureman case* is authority, by close analogy, for the instruction. It certainly ought not to be allowed defendant to alter his arrangement with the purchasers of the property in regard to the payment of the $5,000, to the prejudice of plaintiff without his consent, coupled as it is with defendant's failure to make any effort to collect the balance. No voluntary act of defendant, whether by omission or commission, which, without plaintiff's consent, would work to his prejudice, as contemplated by the contract, ought to be allowed as a shield to defendant.

This only leaves the further question whether there was evidence upon which to base the declaration of law. A perusal of the record satisfies us that there was. That evidence being before the trial court, the conclusion to be drawn therefrom belonged to that

court and not to us.   There was no error in overruling the motion to continue, or in refusing defendant's instructions.

We feel bound to affirm the judgment.  All concur.